**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Salt River Project Agricultural Improvement and Power District, an agricultural improvement district organized and existing under the laws of the State of Arizona,<br><br>Plaintiff,<br><br>v.<br><br>Frito-Lay, Inc., a Delaware corporation; SPP OpCo, LLC, a Delaware limited liability company; County of Pinal, et al.,<br><br>Defendants. | No. CV-12-02336-PHX-GMS<br><br>**ORDER** |

Pending before the Court is a Motion to Remand (Doc. 15) filed by Plaintiff Salt River Project Agricultural Improvement and Power District ("SRP"). The Court grants the motion and remands this action for the reasons described below.[1]

## BACKGROUND

SRP filed a complaint in eminent domain against Defendants Frito-Lay, Inc. and Pinal County on October 3, 2012. (Doc. 1-1, Ex. A at 18.) SRP "seeks to acquire through eminent domain an easement and a temporary construction easement, over, across, under and upon" a portion of Frito-Lay's property. (*Id.* at 2-3 ¶ 4.) Frito-Lay removed the case to this Court on October 31, 2012, on the basis of diversity jurisdiction. (Doc. 1.) SRP

---

[1] SRP's request for oral argument is denied because the parties have had an adequate opportunity to discuss the law and evidence and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

| | |
|---|---|
| 1 | then moved to remand on November 30, 2012. (Doc. 15.) |

## ANALYSIS

The only issue presented by this motion is the status of Defendant Pinal County. Frito-Lay invoked this Court's diversity jurisdiction as a basis for removal, and 28 U.S.C. § 1332(a) requires complete diversity among the parties. Moreover, § 1441(b) does not permit removal where "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Pinal County and SRP are both Arizona residents, and Pinal County is a defendant who has been served and has answered the Complaint. Nevertheless, Frito-Lay seeks to justify its removal by claiming that Pinal County has been fraudulently joined and its presence must therefore be ignored for purposes of diversity jurisdiction.

"If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Obvious failure to state a claim, then, is the standard by which to judge SRP's involvement of Pinal County in this case. Given that the Ninth Circuit has expressed "both [a] strong presumption against removal jurisdiction and the 'general presumption against fraudulent joinder,'" *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009), close questions cut in favor of remand.

In its Complaint, SRP asserts that Pinal County "has an interest in any unpaid property taxes on the subject property." (Doc. 1-1, Ex. A at 21 ¶ 7.) Pinal County filed an answer in which it acknowledged its "interest in . . . the payment of taxes due and owing prior to completion of this action", but did not object to the condemnation proceeding. (Doc. 1-1, Ex. A at 125.) Frito-Lay contends that Pinal County's presence in this case is therefore superfluous. Indeed, Arizona has created a statutory mechanism for payment of any unpaid taxes after judgment is entered in a condemnation proceeding. *See* Ariz. Rev. Stat. § 12-1116(J), (N). Pinal County's "interest in any unpaid property taxes on the subject property" (Doc. 1-1, Ex. A ¶ 7), would thus be satisfied even if it was not party to

the lawsuit. It appears joinder of Pinal County was unnecessary.

That Pinal County's presence in the lawsuit is not necessary does mean that its inclusion was improper or fraudulent. A plaintiff in eminent domain may name as defendants "all owners and claimants of the property. . . ." Ariz. Rev. Stat. § 12-1117. As SRP points out, Pinal County has statutory authority to levy property taxes. *See id.* § 42-17151. By virtue of Arizona law, a tax lien attaches to the property at the beginning of the year until all taxes are paid. *See id.* § 42-17153. Pinal County therefore holds a tax lien on the property in question. While that lien may be satisfied through Arizona's statutory mechanism described above, "[t]he holder of a tax lien . . . may be properly joined in a condemnation proceeding." 2 Julius L. Sackman, *Nichols on Eminent Domain* § 5.03[6][e][ii] (3d ed. 2012). Frito-Lay has not directed this Court to any cases finding fraudulent joinder when a plaintiff in eminent domain includes as a defendant a holder of a tax lien. Frito-Lay's attachment of a 2012 Property Tax Statement (Doc. 1-1, Ex. B) is unavailing. That statement shows that no taxes were due as of November 1, 2012, but that does not cover the entire year. It is Frito-Lay's burden to establish an obvious failure to state a claim, and it has failed to do so. At most, it has shown the existence of a close question. On this limited review, joinder of Pinal County in this action does not appear improper. Removal was consequently inappropriate and the Motion to Remand is granted.

SRP has requested reimbursement of expenses. (Doc. 24 at 6-8.) A remand order "may require payment of just costs and any actual expenses, including attorney fees," incurred by a plaintiff as a result of an improper removal. 28 U.S.C. § 1447(c). However, in the absence of "unusual circumstances," fees and costs may be awarded "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). District courts have "wide discretion" in determining whether to award fees and costs under Section 1447(c). *Moore v. Permanente Med. Group, Inc.,* 981 F.2d 443, 447 (9th Cir. 1992).

SRP contends that they are entitled to fees and costs because Frito Lay's removal

was not objectively reasonable. "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.,* 518 F.3d 1062, 1065 (9th Cir. 2008). As discussed above, Frito-Lay had some basis to believe that inclusion of Pinal County in this action was not proper in light of the statutory mechanism for dispersing tax payments. That such an argument proved unpersuasive does not mean that it was objectively unreasonable. Awarding fees and costs under § 1447(c) can serve to deter spurious removals, orchestrated to prolong litigation and impose costs on the opposing party, but there is no evidence here of improper motive, unreasonable bases for removal, or other "unusual circumstances." *See Martin,* 546 U.S. at 141. Accordingly, SRP's request for reimbursement of expenses is denied.

**IT IS THEREFORE ORDERED:**

1. SRP's Motion to Remand (Doc. 15) is **GRANTED**. The Clerk of Court is directed to remand the case to the Pinal County Superior Court.

2. SRP's request for reimbursement of expenses is **DENIED.**

Dated this 7th day of January, 2013.

/s/ A. Murray Snow
/G. Murray Snow
United States District Judge